FILED

AUG 2 8 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

In the Matter of Attorneys Suspended or )    Case No.:    13MC1078
)
Disbarred by the State Bar of California, )
)    Order to Show Cause
)
)

      The Court has received notice that the following attorneys have been disbarred,

suspended, or placed on the inactive list by the State Bar of California:

Disbarment:
Roy Chester Dickson (Cal. Bar #105583)
John Herman Feiner (Cal. Bar #89201)
Gregory Fulton Stannard (Cal. Bar #108674)
Stephen Charles Hollingsworth (Cal. Bar #200609)

Suspension:
James Michael Powell (Cal. Bar #165639)
Katherine Mary Windler (Cal. Bar #158899)
Bruce Vail Rorty (Cal. Bar #126278)
Loyd Lee Brown Jr. (Cal. Bar #195240)
Albert Mark Sterwerf (Cal. Bar #175454)
Steven Anthony Guilin (Cal. Bar #225982)
Victor Edward Hobbs (Cal. Bar #80191)
Thomas William Smith (Cal. Bar #93102)
Lawrence Anthony Witsoe (Cal. Bar #60204)
Michelle A. Perfili (Cal. Bar #107580)
Debra Roberts Torres-Reyes (Cal. Bar #146724)

Involuntary Inactive Enrollment:
Jon Raymond Barker (Cal. Bar #161849)
Stephen Lyster Siringoringo (Cal. Bar #264161)

[Defendant's Name] - 1

Joseph Guy Maiorano (Cal. Bar #113876)
Brad Daniel Porterfield (Cal. Bar #134060)
Patrick Joseph Sandoval (Cal. Bar #193979)

Pursuant to Civil Local Rule 83.3(c)(1)(a), only attorneys who are active members in good standing of the State Bar of California may be admitted to and continue membership in the bar of this Court.

Therefore, pursuant to Civil Local Rule 83.5(d), the Court hereby orders the listed attorneys to show cause in writing, within thirty (30) days of the service of this order, why they should not be suspended or disbarred from practicing in this Court. If an attorney opposes the imposition of discipline, his written response must establish one or more of the following:

(i)     the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(ii)    there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the Court should not accept as final the other jurisdiction's conclusion(s) on that subject;

(iii)   imposition of like discipline would result in a grave injustice; or

(iv)   other substantial reasons exist so as to justify not accepting the other jurisdiction's conclusion(s).

CivLR 83.5(d). In addition, at the time the response is filed, the attorney must produce a certified copy of the entire record from the other jurisdiction or bear the burden of persuading the Court that less than the entire record will suffice. Id.

The Clerk of the Court is directed to serve a copy of this order by mail upon each of the listed attorneys at the address indicated in this Court's attorney maintenance records.

**IT IS SO ORDERED**.

Dated: __8/27/2013__

_Barry Ted Moskowitz_
**BARRY TED MOSKOWITZ, Chief Judge**
United States District Court

[Defendant's Name] - 2